STATE OF OHIO EX REL. E. H. ZURHORST ET AL. v. NORMAN M. WOLFE.

1. WHEN THE DUTY OF A JUDGE, WHO HAS A BIAS OR PREJUDICE CEASES, AS TO THE TRIAL OF SUCH CASE.

As soon as the affidavit, provided for in section 550 of the Revised Statutes of Ohio, is filed, and entered by the clerk on the trial docket, the trial of the case, concerning which such affidavit is filed, by the particular judge to whom the affidavit applies, is at an end, and the duty of such judge, as to such case, ceases.

2. SUFFICIENCY OF AFFIDAVIT PROVIDED FOR IN SECTION 550 OF R. S. OF OHIO.

The fact of bias, or prejudice, set forth in such affidavit, is not an issuable one to be tried, and it is not necessary to set forth the facts constituting such bias or prejudice.

3. ASSIGNMENT OF PERJURY ON SUCH AFFIDAVIT.

Whether perjury can be assigned upon such affidavit, is a *query;* but such assignment cannot be made on a traverse of the fact of bias or prejudice.

4. REMEDY OF PARTY WHERE THE TRIAL JUDGE IGNORES THE FACT OF THE FILING AND ENTRY OF SUCH AFFIDAVIT.

After such affidavit is filed and entered on the trial docket by the clerk, the judge, to whom it applies, is disqualified and has no jurisdiction to hear or try the case concerning which such affidavit is filed, and if he insists on so doing, the party aggrieved has a remedy by appeal or error; but not by mandamus.

5. MISJOINDER OF PARTIES PLAINTIFF IN AN ACTION TO DISQUALIFY A JUDGE ON ACCOUNT OF BIAS OR PREJUDICE.

Different parties cannot join to disqualify a judge, on account of bias or prejudice, in different actions in which they are not jointly liable or interested.

6. VERIFICATION OF AN ALTERED PLEADING.

A pleading may be altered, but after the alteration is made, it must be reverified.

FOLLETT, J. (orally.)

This case is in this court upon an alternative writ of mandamus that was. allowed by Judges JENNER and POMERENE, and it is now here on the answer and reply of the parties.

*First Defense*—Defendant admits that the said John D. Nicholas is judge alleged and was during said month of October the presiding judge; and admits himself to be judge as alleged and presiding as alleged to succeed said Nicholas, and defendant denies each and all the allegations of said petition not herein expressly admitted.

*Second Defense*—Defendant says that said second subdivision of said sixth judicial district contains two judges duly elected, qualified and acting, and no more, to wit: The Hon. Thomas E. Duncan and this affiant, and alleges that said affidavits and each and all and every part thereof are false in fact and untrue, and alleges that each and both said judges are wholly disinterested, unprejudiced.

State ex rel. Zurhorst et al. v. Wolfe.

unbiased as to each and all said causes, and in no wise disqualified to sit and try the same. And further, that each and all said affidavits are insufficient in law.

*Third Defense*—Defendant says: That there is a misjoinder of parties and causes of action in this, to wit: that of said relators only said French and Zurhorst are parties to said cause numbered 5332; only said French is a party to said cause numbered 5605; only said Zurhorst is party to said cause numbered 5746; only said Kunz, said French and said Zurhorst are parties to said cause numbered 5857; none of said relators are parties to said causes numbered respectively 5621, 5792, 5948 and 6151: and said relation and interest of said relators to said numbered causes is not nor was it at the commencement otherwise or different than herein alleged.

*Fourth Defense*—Said petition was not originally prepared, signed or verified with reference to this defendant, but was so prepared, verified and sworn to preparatory to an action about to be brought in the circuit court of Coshocton county against said John D. Nicholas, and against no other or different person whomsoever, and said original petition was afterward mutilated and changed so as to make it apply against this defendant.

Said changes and mutilations are as follows: All of which were made after the same were sworn to and before the presentation to this court for the allowance of the alternative writ. The name of the defendant in said verified petition was John D. Nicholas, only, instead of Norman M. Wolfe, as appeared in the style of the case preceding the allegations thereof, who was there described as a judge of the third subdivision of said district instead of the second subdivision, as it was mutilated to make it appear. Said verified petition contained the following allegation: "Relators state that defendant, John D. Nicholas, is the judge of a court of common pleas in and for the third subdivision of the sixth judicial district of the state of Ohio." Said allegation was mutilated by erasing the word "defendant" and inserting instead the word "one;" and further changed after the words "common pleas" the words "duly elected and qualified." And further, said original petition was so mutilated and changed by adding to the allegations thereof the following: "Said N. M. Wolfe is the duly elected and qualified judge of the common pleas court in and for the second subdivision of the sixth judicial district of the state of Ohio."

Further, said original contained the words "N. M. Wolfe, judge of the common pleas court," which was so changed as to read "N. M. Wolfe, defendant, judge of the common pleas court."

Further, said original petition contained the following allegation, to wit: "That immediately on the filing of the said affidavits above set forth, in each and every above named case, the clerk of the common pleas court of Richland county, Ohio, then and there entered the fact of the filing of each and every affidavit above set forth in each and every above named case on the trial docket of said court of common pleas of Richland county, Ohio, as required by law, and thereupon the said clerk of said court of common pleas of Richland county, Ohio, did then and there notify the then presiding and supervising judge of the sixth judicial district of the state of Ohio, the Hon. John D. Nicholas, who was not then disqualified himself and is still qualified to act in said above entitled causes and who has failed without any fault on the part of these relators to proceed in the manner provided by section 469 of the Revised Statutes of Ohio, to designate and assign some other qualified judge of the common pleas court of said sixth judicial district outside of the second subdivision of the said sixth judicial district, to hold the court of common pleas in Richland county, Ohio, and try the causes where the above named causes are pending, in said common pleas court of Richland county, Ohio, said Hon. John D. Nicholas, having delayed to make any such appointment to the present time, and having failed to designate and appoint some qualified judge of the sixth judicial district to try the above causes as required by law."

Defendant says: Said allegations were changed first by the following insertions. to wit: Immediately following the words therein, "as required by law,"

the following allegation, "of which court said N. M. Wolfe was then judge." Also immediately preceding the words therein, "who was not then disqualified himself," the following allegation "and did also notify the said Hon. John D. Nicholas, as judge of the common pleas court in and for the third subdivision of the sixth judicial district of Ohio," and also immediately preceding the words therein, "to hold the court of common pleas, in Richland county, Ohio," the following allegations "and designated and assigned himself the said John D. Nicholas aforesaid and has notified the defendant, N. M. Wolfe, of such designation."

Defendant further says: Said allegations were also changed and mutilated by striking out the following, "has failed without any fault on the part of these relators" and by striking out the following language: "Said Hon John D. Nicholas, having delayed to make any such appointment to the present time, and having failed to designate and appoint some qualified judge of the sixth judicial district to try the above causes as required by law."

Defendant further says: Said original petition contained the following prayer, which prayer followed the allegations of said petition so mutilated and changed as aforesaid, to wit: "Wherefore relators pray that a peremptory writ of mandamus issue to said Hon. John D. Nicholas as judge of the common pleas court of the third subdivision of the sixth judicial district of the state of Ohio (the said N. M. Wolfe, the present supervising judge of said sixth judicial district being disqualified to act in the premises as aforesaid), commanding him to designate and assign some judge of the court of common pleas of the sixth judicial district of the state of Ohio, outside of the second subdivision of said sixth judicial district, and being properly qualified to hold the court and try these causes where said abovenamed causes are pending in the court of common pleas of Richland county, Ohio."

Defendant says: The above and foregoing was all of said prayer and the only prayer when said petition was so verified as aforesaid, but before the same was presented for the allowance of said pretended writ said prayer was so mutilated and changed to make it read as follows, to wit: "Wherefore relators pray, that a peremptory writ of mandamus issue to said Hon. N. M. Wolfe as judge of the common pleas court of the second subdivision of the sixth judicial district of the state of Ohio (the said N. M. Wolfe, judge of the common pleas court of the said sixth judicial district being disqualified to act in the premises as aforesaid), commanding him to allow said Hon. John D. Nicholas, as judge aforesaid, to hold the court of common pleas in Richland county, Ohio, and try each and every one of the above named causes, and that he, the said N. M. Wolfe, refrain from deciding any one of the above named causes or rendering any order or decree or taking any action in any of the above named causes."

And defendant says: That before said petition was so mutilated and changed, to wit: On the 19th day of November, A. D. 1894, in the county of Erie and the state of Ohio, before one George H. Peeke, an alleged notary public, the said Ed. H. Zurhorst subscribed and verified the same, and then and there declared upon his oath that the allegations of said petition in its original form were true as said Zurhorst declared he then verily believed, and defendant says: That neither before nor since said pretended verification and said mutilation has said petition been differently verified or sworn to, nor has the same in its present form been verified, signed or sworn to by any person or persons whomsoever, and that said alternative writ was procured by fraud and imposition practiced upon honorable judges of this court and without any evidence or affidavit either of the truth of said averments or even in belief thereof. Wherefore defendant asks to be dismissed with his costs.

Now come the plaintiffs and relators, Ed. Zurhorst and Charles W. French, and for a first reply to the answer of Hon. N. M. Wolfe say that they deny each and every allegation that said answer contained.

And for a second reply, they say that since allowance of the alternative writ herein, said N. M. Wolfe has complied with the order of the court and has allowed the Hon. John D. Nicholas to hold court and make orders in all the cases mentioned in the objection of plaintiffs and relators herein, except the case of *H. Balliett* v. *The Lucas Construction Co.*, which has since been settled to the satisfaction of these plaintiffs and relators.

The following are the statutes which authorize proceedings in mandamus: Section 6742 provides for the writ and by whom it may be issued, and then section 6743 provides that the defendant may demur on the return day. (Reads the section.) I will also read section 6749. (Reads.)

The answer makes the questions that might have been made upon demurrer. It has been urged that the petition don't show such a state of things as would authorize a writ of mandamus to issue. It was issued against one of the judges of the court of common pleas in the second subdivision of the sixth district, and the writ asks that he be directed to turn over to Judge NICHOLAS certain cases in which affidavits were filed which disqualified Judge WOLFE from sitting in the said cases by reason of bias and prejudice.

The court does not find in this statute to which I am referring, that after these affidavits were filed, there was anything for Judge WOLFE to do further in said cases. But this writ asks that he be made to turn the cases over to Judge NICHOLAS.

The proceeding under section 550 provides for the affidavit which I will read:

"When a judge of the common pleas court is interested in any case or matter pending before the court in any county of the district, or is related to, or has a bias or prejudice either for or against either or any party in such cause, or is otherwise disqualified to sit in such cause or matter, and there is no other judge in the same subdivision who is not so disqualified, on the filing of an affidavit of either or any party in such cause or matter or of his or her counsel, setting forth the facts of such interest, bias, prejudice or disqualification, the clerk of the court shall enter the fact of the filing of such affidavit on the trial docket in such case and forthwith notify the supervising judge, or if he be disqualified as aforesaid judge of some other subdivision who is qualified, of the district, who shall proceed in the same manner as provided in section 469 of the Revised Statutes of Ohio, to designate and assign some other judge of the district not so as aforesaid disqualified, to hold the court and try the cause where the same is pending; and it shall thereupon be the duty of the judge so assigned to proceed and try such cause."

Section 469 is a provision of the statute as to the judges of a district meeting to determine who shall be the presiding judge, at which time they apportion the work in their subdivisions among them and designate what judge shall hold certain courts, etc. This statute says, section 550, that on the filing of an affidavit, which is provided for in this section, the clerk of the court in which the affidavit is filed shall minute it on the trial docket, and then he shall notify the presiding judge who is to designate someone to try the case, if there is no other judge in the subdivision to try it, and those are the steps that are to be taken.

The clerk is to enter the filing of the affidavits on the trial docket, and that would be the end of the trial of that case by the particular judge that the affidavits applied to; his duty would cease and there would be nothing more for him to do in reference to the case. It was for the presiding judge then, to send some other judge there (if there were no other judge in that subdivision qualified to try the case). If there was such a judge the supposition would be that he would try the case without any special assignment.

In this case it is admitted that affidavits were filed, and the proof shows that they were filed with the clerk and he noted them on the trial docket; also that, they were sent to the then presiding judge, NICHOLAS, because the affidavit, it seems applied to both judges in this subdivision. In that state of the case, the evidence

tends to show that Judge WOLFE, disregarded the filing of those affidavits because, as he says in his answer they were not sufficient in law and he insisted on going forward as these parties complain.

It appears that Judge NICHOLAS did not move in the matter. We would have to infer that, at least, from the writ as originally prepared on the ground, that there was no other judge that was not engaged. But I may speak of another objection that is made to the petition for this alternative writ, viz., that it was not intended to apply to Judge WOLFE and was originally prepared and sworn to for a writ of mandamus to Judge NICHOLAS, who was then presiding judge of the district on account of his not taking action in the matter as speedily as he should. He had done nothing, and evidently the parties contemplated resorting to this remedy to compel him to do his duty as presiding judge. The petition clearly indicates, and, in fact, it is admitted, that it was originally prepared, not against Judge WOLFE, but as against Judge NICHOLAS, and intended to be filed in the circuit court of Coshocton county, but it is so altered as to apply to Judge WOLFE, and one question is as to whether it was afterward sworn to by the relators. It may be somewhat suspicious, but counsel in the case have testified that it was verified and sworn to afterward, but we don't think much will turn upon it as we look upon the case now.

Judge NICHOLAS, as the evidence shows, did come here, and as the reply discloses, also did try these cases and was permitted to try them by Judge WOLFE, as the alternative writ commanded Judge WOLFE to permit him to do, except one case which it is said was settled to the satisfaction of the parties.

This is the state of the case and of the pleadings, and, in the face of these facts, it is insisted that the affidavits that were filed were not sufficient to disqualify Judge WOLFE or to come within the spirit or the letter of this this section 550, as to bias and prejudice. It is claimed that the affidavits were insufficient because they failed to set forth the facts of this bias and prejudice. The statute says, "set forth the fact of such interest." If a judge were related to any of the parties, that is a fact; or, if he has an interest in the result of the litigation, as is claimed Judge WOLFE had, a judgment claim against some of these corporations and might be affected, probably by its solvency or insolvency, if so, that is a fact. I speak of these matters because it is claimed that where they put it on the ground of bias and prejudice, they must also set forth the facts upon which they base that claim. But, whether a man is biased or not is a fact of itself, not that you have to state something else to show that he has such bias. We think the facts required by the statute do not refer to anything but relationship or interest that the party may have in the litigation. It is a sort of metaphysical question as to whether he is biased or not. The judge says he was not, and he probably was not, but does that satisfy the party, or is that what the legislature intended when it provided that a litigant should have the right to have his case tried by a judge who he did not think had any bias or prejudice against him? We think that is not an issuable fact to be tried. It is suggested that there ought to be some court to decide the question of bias or prejudice, but we are not without some authority bearing upon this question.

The federal legislature (Congress) provided for the removal of cases on the ground of local "prejudice," one of the very words used in our statute, "prejudice." A party who filed an affidavit under the law might have a case removed from the state court to the federal court, and the question was made in that class of cases just as it is made here, as to setting out the facts and a trial by some court, to determine whether the charge was groundless or not.

In the 42d Federal Report, we find the case of *Cooper* against *The Richmond & D. R. Co.*, circuit court of the northern district of Georgia, June 21, 1890. There the question was on the ground that there was a local prejudice.

Under our statute there can be a removal from one county to another, if a party says he cannot have a fair trial in the county in which he is to be tried. If

CIRCUIT COURTS. 123

State ex rel. Zurhorst et al. v. Wolfe.

there is "prejudice" in the community generally he may suffer in the impanelling of the jury.

In the case cited, it is said that since the act of Congress of March 3, 1887, a petition for removal accompanied by affidavit by a person authorized to make it, stating his own knowledge, is sufficient to justify an order of removal, following the case of *Whalen* v. *R. R. Co.* The second syllabus of that case is: "Where such an affidavit is presented, the court will not permit an adverse party to traverse it," etc.

In a case from Wisconsin, vol. 47, page 435, against the city of Milwaukee, on the change of venue, the affidavit states that the party making it has reason to believe and does believe that he cannot have a fair trial on account of "prejudice"—which entitles such party to a change of place for trial. The court say:

"Whether perjury can be assigned upon such an affidavit is a query, but at least an assignment of perjury cannot be made on a traverse of the fact."

We think the affidavit is sufficient in this case to entitle a party to a trial of his cause by another judge in whom he can have confidence and belief and he can have a fair trial, without any "prejudice or bias;" so that on the point of the sufficiency of the affidavits, we hold that they were sufficient to entitle the party to the remedy which this statute gives.

Now, the material fact in this case is, had Judge WOLFE anything further to do? It is claimed that he said he "would go on." If he did, the parties would have a remedy, but the question is whether it would be by mandamus. A judge after he is disqualified has no jurisdiction to try a case, and if he went on, there would be a remedy by appeal or by error. Such a judgment, of course, in a case tried by a judge after he was disqualified, under the section here, would be invalid. That is enough, perhaps, to be said on that point.

We think, therefore, that the party here did make such a showing as entitled him to have his case tried before a judge that was not disqualified by proceedings under the statute referred to, and in conclusion the question is, What is there that this court or any other court can by mandamus compel Judge WOLFE to do after he was disqualified? There is nothing in the statute that requires him to do anything. The affidavits, as I have suggested, going into the hands of the clerk, he is to notify the presiding judge of the subdivision, and then the other steps are pointed out—the presiding judge is to appoint some other judge who is not disqualified to try the case. Judge WOLFE had nothing else to do that a writ of mandamus would be authorized to compel him to do; and it would seem that when this petition was prepared that was the idea counsel for relators had; Judge NICHOLAS being dilatory they set out to mandamus him, compelling him to do what he was required to do as presiding judge, that is, to designate some judge to go and try it. Now, a writ of mandamus might be proper for that purpose—it was a duty imposed upon him by this section because of his being presiding judge. It is not really a judicial act, but in the nature of a ministerial act. A special duty.

There is another objection urged to this proceeding for mandamus, and that is that there is a misjoinder of parties. All these parties who filed these affidavits joined in this petition for the writ of mandamus. And as I before suggested, this objection also could have been raised by demurrer to the petition; that is a ground of demurrer, misjoinder of parties plaintiff. The question then is, Who is or are the plaintiff, the state of Ohio or the relators? This proceeding is carried on in the name of the state of Ohio and the parties seeking the remedy are called relators. Whether they are plaintiffs so as to come within the rule of a misjoinder of parties under our statute, we are not deciding—where the proceeding is in the name of the state on relation of any party; but in this case, although the object sought may be the same in all cases, yet their interest is not the same.

Each party is only interested in its own case, and if there is any prejudice or bias on the part of the judge in one case, there need not be in any other case. We don't think, therefore, that different parties could join to disqualify a judge in different actions in which they were not jointly liable or interested.

It would have been a complete answer of itself, if respondent had alleged that he had complied with the alternative writ, if it was properly issued. All that the writ required him to do was that he should permit Nicholas to try the cases. It appears that Judge NICHOLAS gave as an excuse for his delay that there was no other judge that was not engaged that he could assign at the time, but he did come here afterward himself and try some of these cases, and it does not appear that there was any obstruction put in his way when he got here, otherwise than it seems that he was disqualified by some other affidavits that were filed. The alternative writ of mandamus commanded Judge WOLFE to show cause why he didn't turn the cases over to Judge NICHOLAS—the cases referred to in the petition.

Judge WOLFE's answer contains several defenses (reads first and second defenses in answer). He claims there is a misjoinder of parties and causes of action and that said petition was not originally prepared, signed nor verified with reference to him, but with reference to an action to be commenced in the circuit court of Coshocton county against Judge NICHOLAS. I have said all perhaps that is necessary to be said upon these questions in the answer—that there is a misjoinder of parties as suggested. The court think that is so, if this is a case for mandamus; but this court think it is not.

Coming to the reply of relators:

It don't say a word as to when the petition was verified, and that is a material matter. A paper may be altered, as it is admitted the petition was in this case, but it certainly would have to be reverified. As I have already suggested, it has been shown that it was verified after it was altered. (Reads reply of Zurhorst and French).

If Judge WOLFE had said in his answer and had done what relators admit in their reply he had, it would have ended this case, because that is all that he was required to do. But the relators still ask that the alternative writ be made peremptory. If the respondent has done all that he was required to do—if this were a proper proceeding for mandamus—that would be the end of it. And the court find that what Judge WOLFE was commanded to do by the alternative writ has been done, and the petition will be dismissed at the relator's cost.

JUDGE HALE: I concur in the judgment rendered; but I have not quite been able to concur in the fact that it should be dismissed because of the reply. I understand Judge WOLFE to claim that he has done nothing in compliance with the writ, but my opinion is that mandamus is not the proper remedy in the case.